# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0501V

| | |
|---|---|
| JOHN HOLLINGER AND MARK HOLLINGER, Personal Representatives of the Estate Of JAMES HOLLINGER,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2024 |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT[1]

On April 12, 2023, James Hollinger (Mr. Hollinger") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on October 20, 2020. Petition at 1. On November 3, 2023, Mr. Hollinger passed away, and his sons, John Hollinger and Mark Hollinger (together, "Petitioners") were appointed as administrators of his estate. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 13, 2024, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioners are entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioners have satisfied the criteria set forth in the effective Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford Petitioners a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. *Id.* at 10 - 11 (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), (c)(15)).

**In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master