# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0501V

| | |
|---|---|
| JOHN HOLLINGER AND MARK HOLLINGER, Personal Representatives of the Estate Of JAMES HOLLINGER, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 12, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Julianna Rose Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On April 12, 2023, James Hollinger (Mr. Hollinger") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on October 20, 2020. Petition at 1. On November 3, 2023, Mr. Hollinger passed away. His sons, John Hollinger and Mark Hollinger (together, "Petitioners") were appointed as administrators of his estate. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 13, 2024, a Ruling on Entitlement was issued, finding Petitioners entitled to compensation for Mr. Hollinger suffering a Table flu/GBS injury.

On October 28, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioners agree with the proffered award. *Id.* at 2-3.[3] Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioners are awarded a lump sum of $568,405.52 (representing $212,700.00 for past pain and suffering, $212,891.52 for past unreimbursable expenses, and $142,814.00 for past lost wages) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Respondent stated that evidence of Petitioners' representative capacity was required. Proffer filed Oct. 28, 2025 (ECF No. 53) at 3. Petitioners then filed their Exhibit 44 – Certificate of Grant Letters on Nov. 3, 2025 (ECF No. 55). Respondent then stated that he believes that the additional documentation in Ex. 44 is sufficient, and that Respondent does not intend to file a revised Proffer. Joint Status Report filed Nov. 12, 2025 (ECF No. 56).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN HOLLINGER AND MARK HOLLINGER, Personal Representatives of the Estate of JAMES HOLLINGER,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>           Respondent. | No. 23-501V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 13, 2023, James Hollinger ("decedent" or "Mr. Hollinger") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34.  On November 3, 2023, Mr. Hollinger passed away and his sons, John Hollinger and Mark Hollinger (together, "petitioners") were appointed as administrators of his estate.[1]  ECF No. 21.  The petition alleges that the decedent suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 20, 2020.  Petition ("Pet.") at 1.

On February 13, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 22; ECF No. 23.

---

[1] On January 29, 2024, petitioners filed a motion to amend the caption in this case.  ECF No. 20.  On January 31, 2024, the Court granted petitioners' motion.  ECF No. 21.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioners should be awarded the following:

   A.     Pain and Suffering

Respondent proffers that petitioners should be awarded $212,700.00 in pain and suffering, as legal representative of Mr. Hollinger's estate. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

   B.     Past Unreimbursable Expenses

Evidence supplied by petitioners documents that Mr. Hollinger incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $212,891.52. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioners agree.

   C.     Lost Earnings

Evidence supplied by petitioners documents that Mr. Hollinger incurred lost earnings related to his vaccine-related injury. Respondent proffers that petitioners should be awarded past lost wages in the amount of $142,814.00. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioners agree.

These amounts represent all elements of compensation to which petitioners are entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.

**II.     Form of the Award**

Respondent recommends that compensation provided to petitioners should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$568,405.52** to

2

be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.

Evidence of petitioners' representative capacity is required, and no payments pursuant to this Proffer shall be made until petitioners provide the Secretary with documentation establishing their appointment as legal representatives of Mr. Hollinger's estate.[2]  Petitioners agree.

                    Respectfully submitted,

                    BRETT A. SHUMATE
                    Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Director
                    Torts Branch, Civil Division

                    HEATHER L. PEARLMAN
                    Deputy Director
                    Torts Branch, Civil Division

                    COLLEEN C. HARTLEY
                    Assistant Director
                    Torts Branch, Civil Division

                    */s/ Julianna R. Kober*
                    Julianna R. Kober
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C.  20044-0146
                    Tel: (202) 742-6375
                    Julianna.R.Kober@usdoj.gov

DATED: October 28, 2025

---

[2]  If petitioners are not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.